UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TERRANCE BROWN HINES,

                              Plaintiff,

                                                      5:18-cv-0002
v.                                                     (GTS/TWD)

LISA M. GIACONA,

                              Defendant.
_____

APPEARANCES:

TERRANCE BROWN HINES
Plaintiff, *pro se*
13-B-3372
Cayuga Correctional Facility
Moravia, NY 13118

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      The Clerk has sent to the Court for initial review the *pro se* complaint in this 42 U.S.C. § 1983 civil rights action brought by Terrance Brown Hines ("Plaintiff") against court reporter Lisa M. Giacona ("Defendant"). (Dkt. No. 1.) Plaintiff, who has not paid the filing fee for this action, has filed an application for leave to proceed *in forma pauperis* ("IFP Application") (Dkt. No. 6), along with the required Inmate Authorization Form. (Dkt. No. 7.) Also before the Court is Plaintiff's motion for appointment of counsel. (Dkt. No. 9.)

**I.     IFP APPLICATION**

      A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's IFP

Application (Dkt. No. 6), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's IFP Application is granted.

## II.     INITIAL SCREENING

Having found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis*, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Where a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id*. (citation omitted).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*.

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication

3

that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III.    COMPLAINT

Plaintiff is an inmate in custody of the New York State Department of Corrections and Community Supervision and is housed at Cayuga Correctional Facility. (Dkt. No. 1 at 2.[1]) On November 7, 2014, after a bench trial in Cayuga County Supreme Court, Plaintiff was sentenced to a prison term of ten years for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. *Id*. at 5; *see also* http://nysdoccslookup. doccs.ny.gov (DIN 13-B-3372) (last visited Mar. 30, 2018).

On January 15, 2015, Plaintiff received a copy of the trial transcript, which was signed and certified as being true and accurate by Defendant. (Dkt. No. 1 at 5.) Plaintiff noticed, however, that "certain testimony given at trial was clearly changed and . . . omitted from the record." *Id*. (unaltered text). Generally, Plaintiff claims Defendant deliberately changed the record to secure Plaintiff's conviction and to deny him "a fair appeal process." *Id*. at 7-6. Despite various attempts to correct the trial transcript, *see id*. at 5-7, 10, 12-13, Plaintiff's conviction was affirmed by the Appellate Division on October 9, 2015. *Id*. at 6. Plaintiff's earliest release date is June 24, 2021. *See* http://nysdoccslookup. doccs.ny.gov (DIN 13-B-3372) (last visited March 30, 2018).

---

[1] Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

According to Plaintiff, "if not for the willful and deliberate actions of Defendant, [he] would not have lost life and liberty guaranteed under[] the United States Constitution." *Id*. at 8. Plaintiff alleges (1) violation of the Eighth Amendment; (2) violation of the Fourteenth Amendment; and (3) denial of equal protection of civil rights. *Id*. at 16. Plaintiff seeks compensatory damages of $10,000,000. *Id*. Plaintiff also requests that Defendant forfeit her court reporting license and that she be subjected to an unspecified term of imprisonment. *Id*. For a complete statement, reference is made to the complaint.

## IV.    DISCUSSION

A civil lawsuit may not be used to collaterally attack a criminal conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that:

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for harm caused by other actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87. Under *Heck* and its progeny, a "§ 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief) . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original).

Here, Plaintiff's § 1983 claims fall squarely within the ambit of *Heck* because a decision in his favor would necessarily call into question the validity of his conviction. Therefore, Plaintiff's § 1983 claims are barred under *Heck* unless and until such time as Plaintiff's conviction is overturned or his sentence invalidated. *See Ingram v. Herrick*, 475 F. App'x 793, 794 (2d Cir. 2012) (a habeas corpus petition, not a § 1983 action, is the proper vehicle by which

to seek relief from illegal confinement).  This has yet to happen.  *See* Decision & Order, *Hines v. Stallone*, No. 9:16-cv-1078 (TJM) (N.D.N.Y. Feb. 1, 2017), ECF. No. 11.  Therefore, Plaintiff's § 1983 claims are not cognizable at this time.  "Disposition of the case on *Heck* grounds, however, warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"  *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (quoting *Heck*, 512 U.S. at 487) (other citations omitted).

Accordingly, the Court recommends dismissing this action in its entirety without prejudice as barred under *Heck*.

## V. MOTION FOR APPOINTMENT OF COUNSEL

In light of the above recommendation, Plaintiff's motion for appointment of counsel (Dkt. No. 9) is denied as moot.

## VI. CONCLUSION

**WHEREFORE**, based on the findings above, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 6) is **GRANTED FOR PURPOSES OF FILING ONLY**; and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 9) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[2]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).


Dated: April 2, 2018
       Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge

---

[2]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).