UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TERRANCE BROWN HINES,

                          Plaintiff,

                                                               5:18-CV-0002
v.                                                            (GTS/TWD)

LISA M. GIACONA, Official Court Reporter,

                          Defendant.
_____

APPEARANCES:

TERRANCE BROWN HINES, 13-B-3372
  Plaintiff, *Pro Se*
Cayuga Correctional Facility
P.O. Box 1186
Moravia, New York 13118

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Terrance Brown Hines ("Plaintiff") against Official Court Reporter Lisa M. Giacona ("Defendant") asserting claims under the Eighth Amendment, Fourteenth Amendment Due Process Clause and Fourteenth Amendment Equal Protection Clause pursuant to 42 U.S.C. § 1983 arising from her alleged intentional falsification of his trial transcript, are United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed in its entirety without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Plaintiff's Objection thereto. (Dkt. Nos. 10, 11.)  For the reasons set forth below, the Report-Recommendation is adopted and accepted.

## I.   RELEVANT BACKGROUND

### A.   Magistrate Judge Dancks' Report-Recommendation

Generally, in her Report-Recommendation, Magistrate Judge Dancks determined that Plaintiff's Complaint should be *sua sponte* dismissed in its entirety without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because Plaintiff's claims (the success of which would necessarily call into question the validity of his conviction for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree) are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dkt. No. 10, at Part IV.)

### B.   Plaintiff's Objection to the Report-Recommendation

Generally, liberally construed, Plaintiff's Objection asserts two arguments: (1) his claims should not be dismissed because he is not challenging his underlying conviction but only seeking redress for Defendant's unconstitutional acts, which distinguishes his case from *Heck*; and (2) in the alternative, his claims should not be dismissed because the dismissal of the claims would permit Defendant to continue to tamper with court records and violate the constitutional rights of other individuals. (*See generally* Dkt. No. 11.)

## II.   STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

2

report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311,

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.  ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation. (Dkt. No. 10.) Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, and Plaintiff's Complaint is dismissed in its entirety, without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). To those reasons, the Court adds only two points.

First, the Court rejects Plaintiff's first argument in his Objection because he ignores the fact that, in order to prevail on any of the constitutional claims asserted, he would have to show that the allegedly incorrect change(s) intentionally made by Defendant to the trial transcript caused him harm, i.e., they negatively affected the outcome of his criminal prosecution and/or his appeal therefrom.[5] As a result, regardless of whether Plaintiff is seeking to change his trial

---

[4]  *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

[5]  *See, e.g., Burrell v. Swartz*, 558 F. Supp. 91, 92 (S.D.N.Y. 1983) ("No constitutional . . . right exists to an absolutely accurate trial transcript. . . . Plaintiff could state a claim on which relief may be granted insofar as the alleged errors and omissions in his transcript prejudice an appeal of his conviction. . . . [I]f a state official intentionally alters a transcript in a

transcript to lay the foundation for a successful appeal from his conviction or whether he is simply seeking $10,000,000 (and the forfeiture of Defendant's license),[6] his success in this action would necessarily call into question the validity of his conviction.

Second, the Court rejects Plaintiff's second argument in his Objection because he lacks standing to assert claims on behalf of other people (and the possibility of those claims by others do not constitute an exception to the application of *Heck* to Plaintiff).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 10) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that, pursuant to Magistrate Judge Dancks' granting of Plaintiff's *in forma pauperis* application (Dkt. No. 6), the Clerk shall provide the superintendent of the facility designated by Plaintiff as his current location with a copy of Plaintiff's Inmate Authorization (Dkt. No. 7), and notify the official that this action has been filed and that Plaintiff is required to pay to the Northern District of New York the statutory filing fee of $350.00 in installments, over time pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk shall provide a copy of Plaintiff's Inmate Authorization (Dkt. No. 7) to the Financial Deputy of the Clerk's Office; and it is further

---

way that prejudices a defendant's appeal, the due process clause of the fourteenth amendment might be violated. . . .  To prove such a violation plaintiff would have to show . . . the existence of intentional tampering; then, he would have to prove the alleged errors and omissions in the trial transcript prejudice his statutory right to appeal.").

[6]     (*See* Dkt. No. 1, at Part VI [setting forth Plaintiff's requested relief].)

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *sua spone* **DISMISSED** **in its entirety without prejudice** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: June 20, 2018
       Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge